JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
REBECCA HARLOW (STATE BAR NO. 281931)
rharlow@orrick.com
THOMAS FU (STATE BAR NO. 325209)
tfu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Defendant
Planned Parenthood Federation of America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVINA GIBSON, on behalf of herself and all others similarly situated,

Plaintiff,

v.

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.,

Defendant.

Case No. 3:23-cv-04529-JD

**DEFENDANT PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Date: February 15, 2024
Time: 10:00 a.m.

Judge: Hon. James Donato

# TABLE OF CONTENTS


Page

I. LEGAL ARGUMENT ... 1

A. Plaintiff Fails To State A Claim Under CMIA. ... 1

1. Plaintiff fails to allege facts showing that PPFA is a "provider of health care." . 1

2. Plaintiff fails to allege facts showing she was a "patient" of PPFA. ... 3

3. Plaintiff fails to allege facts showing that PPFA disclosed her "medical information" to "the Third Parties." ... 4

B. Plaintiff Fails To State A Claim Under Cal. Penal Code § 631 ... 5

1. Plaintiff fails to state a Section 631 claim because she fails to plead facts showing that "the Third Parties" acted independently of PPFA. ... 5

2. Plaintiff fails to plead facts showing that the "contents" of any communication were at issue. ... 6

3. Plaintiff fails to plead facts showing that anyone intercepted a communication "in transit." ... 7

C. Plaintiff Fails To State A Claim Under Cal. Penal Code § 632 ... 8

II. CONCLUSION ... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................ 4

*In re Arthur J. Gallagher Data Breach Litig.*,
631 F. Supp. 3d 573 (N.D. Ill. 2022) ................................................................ 2

*Byars v. Hot Topic, Inc.*,
2023 WL 2026994 (C.D. Cal. 2023)) ................................................................ 6

*Cody v. Boscov's Inc.*,
2023 WL 2338302 (C.D. Cal. 2023)................................................................. 6

*Eisenhower Med. Ctr. v. Superior Ct.*,
226 Cal. App. 4th 430 (2014) ........................................................................... 4

*Lefkowtiz v. Scytl USA*,
2016 WL 537952 (N.D. Cal. 2016) ................................................................... 8

*Valenzuela v. Keurig Green Mountain, Inc.*,
2023 WL 3707181 (N.D. Cal. 2023) ................................................................. 8

*Valenzuela v. Kroger, Co.*,
2023 WL 4418887 (C.D. Cal. 2023).................................................................. 6

*In re Vizio, Inc. Consumer Privacy Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017) ............................................................. 7

**Statutes**

Cal. Civ. Code § 56.05.......................................................................................... 4

Cal. Civ. Code § 56.06.......................................................................................... 2

Cal. Penal Code § 631.................................................................................. 1, 5, 6, 7, 8

Cal. Penal Code § 632........................................................................................ 1, 8

Cal. Penal Code § 632.7...................................................................................... 1, 8

**Rules & Regulations**

Fed. R. Civ. P. 8 ................................................................................................... 5

Plaintiff Davina Gibson's Opposition ("Opp."), ECF No. 28, ducks—rather than engage with—the arguments Defendant Planned Parenthood Federation of America, Inc. ("PPFA") raised in its Motion to Dismiss ("Mot."), ECF No. 11. Most often, this takes the form of summarily copying and pasting the same allegations from Plaintiffs' Complaint that PPFA's Motion already showed were inadequate—all without even acknowledging PPFA's arguments, much less attempting to explain why they are incorrect. For instance, PPFA's Motion meticulously exposed how Plaintiffs' Complaint rests, at its core, on the false premise that Plaintiff received health care from PPFA through its website. But, the website itself—which Plaintiff does not dispute the Court may consider—makes clear that this is impossible because neither PPFA nor its website provides health care to anyone. Yet Plaintiff nevertheless continues to invoke that same (now debunked) fallacy in its defense of Plaintiff's claims under the Confidentiality of Medical Information Act ("CMIA") and Cal. Penal Code § 631.

But it is not just that Plaintiff is skirting around the arguments. Inexplicably, Plaintiff's Opposition responds to PPFA's argument that Plaintiff fails to state a claim under Cal. Penal Code § 632 by arguing that Plaintiff *does* state a claim under an entirely *different* statute (Cal. Penal Code § 632.7). Section 632.7 is not (and has never been) at issue here, is mentioned nowhere in the Complaint, and has no relationship to this case whatsoever.

That is all to say, Plaintiffs' Opposition leaves unchallenged essentially *every* argument that PPFA advanced in its Motion to Dismiss. Thus, for all the reasons the PPFA has already given—which Plaintiff has now failed to rebut—her Complaint should be dismissed in its entirety.

# I. LEGAL ARGUMENT

## A. Plaintiff Fails To State A Claim Under CMIA.

### 1. Plaintiff fails to allege facts showing that PPFA is a "provider of health care."

Plaintiff's Opposition does not dispute that her CMIA claim fails unless she pleads facts showing that PPFA is a "provider of health care," as defined in CMIA. Opp. 8-9. Instead, it offers four theories for how PPFA supposedly satisfies that definition. None withstands scrutiny.

*First*, Plaintiff asserts that PPFA was "organized for the purpose of maintaining medical

information," Cal. Civ. Code § 56.06(a), because "it does 'maintain medical information.'" Opp. 9. But as PPFA's Motion already explained (at 7)—in a discussion Plaintiff simply ignores—the law is clear that "merely alleg[ing] that [a] Defendant[] maintain[s] medical information" is insufficient to show what CMIA requires: that the "Defendant is organized *for the purpose* of maintaining medical information." *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 595 (N.D. Ill. 2022) (dismissing CMIA claim for that reason). Plaintiff's argument therefore fails.

*Second*, Plaintiff says that PPFA "offers software … to consumers . . . that is designed to maintain medical information," Cal. Civ. Code § 56.06(b), because its "homepage highlights" an app called "Direct" that "allows users to manage 'reproductive health care,'" Opp. 9 (citing https://www.plannedparenthood.org):




But this argument simply re-commits the same error that plagues so much of Plaintiffs' case—conflating PPFA with other, legally separate entities, *see* Mot. 2-5. As revealed by clicking through either of the "Direct" app links on PPFA's homepage (shown in the image above), that app is *not offered by PPFA*, but rather by the legally distinct entity "Planned Parenthood Direct, Inc.":




*See* https://apps.apple.com/us/app/planned-parenthood-direct/id1214393415?mt=8 (red rectangle

added); *see also* https://www.plannedparenthooddirect.org/privacy-policy (explaining that Planned Parenthood Direct, Inc. is "a contracting partner of certain regional Planned Parenthood member affiliates governed by the Bylaws of Parenthood Federation of America, Inc."). Because PPFA does not offer the "Direct" app, Plaintiff's argument about the app is wholly irrelevant, and fails to show that PPFA is a "provider of health care" under CMIA.

*Third*, Plaintiff argues that PPFA's "entire Website is devoted to providing digital reproductive and sexual health services to consumers." Opp. 9. But as already shown in PPFA's Motion (at 1-4, 7-8)—again, in a discussion that Plaintiff does not dispute—that is plainly false. PPFA's website *does not* provide health services to consumers. Any health care services that visitors may receive is provided solely through *other* websites, operated by other entities.[1] *See* Mot. 1-4. So this argument, too, fails to show that PPFA is a provider of health care.

*Finally*, Plaintiff repeats her debunked assertion that PPFA has "facilities in California [that] are licensed pursuant to Division 2 of the [California] Health and Safety Code." Opp. 9. This, too, is simply a repeat of arguments that PPFA has already debunked. *See* Mot. 1, 7-8. Indeed, as revealed by even cursory search of the California database that Plaintiff herself cites, PPFA itself has *no facilities* licensed under the California Health and Safety Code. *See* https://www.cdph.ca.gov/Programs/CHCQ/LCP/CalHealthFind/Pages/SearchResult.aspx, *cited at* Opp. 9, n.8. This argument thus fails, just like all the others.

Because Plaintiff does not—and cannot—show that PPFA is a "provider of health care" as defined in CMIA, her CMIA claim must be dismissed.

**2. Plaintiff fails to allege facts showing she was a "patient" of PPFA.**

Plaintiff does not dispute that her CMIA claim separately fails unless she alleges facts showing that she was a "patient" of—i.e., that she "received health care services" from, Cal. Civ.

[1] Plaintiff gestures at—but avoids actually making—an argument that providing a website with "*education* and *information*" is sufficient to make an entity a "provider of health care" under CMIA. Opp. 9. No wonder Plaintiff shies away from a full-throated embrace that argument. Under that maximalist view, huge swaths of the internet—from Wikipedia, https://en.wikipedia.org/wiki/Cancer, to NPR, *see* https://www.npr.org/sections/health-shots/2021/05/05/993565468/could-your-headache-be-dangerous-5-signs-to-watch-for, would qualify as a "provider of health care" under CMIA, an absurd and sweeping result that the Legislature obviously did not intend.

Code § 56.05(m)—PPFA. Opp. 10. Instead, she parrots four allegations from her Complaint, which she says "convey[] her patient status in various ways." Opp. 10. As shown below, each of those allegations is inadequate:

| Allegation | Reason for Inadequacy |
|---|---|
| "Plaintiff 'used the Website for Women's Services [as defined in ¶ 20 of the complaint] and other personal healthcare ….'" Opp. 10 (quoting Compl. ¶136). | Conflates PPFA's website with other websites; PPFA's website does not provide health care of any form. *See* Mot. 1-4. |
| "Plaintiff 'conveyed significant healthcare and other personal information on the Website ….'" Opp. 10 (quoting Compl. ¶140). | Even if Plaintiff did "convey … information" to PPFA, that is not the same as "receiv[ing] health care services" from PPFA, which is what CMIA requires. *See* Cal. Civ. Code § 56.05(m). |
| "'Plaintiff and Class members are patients within the meaning of [CMIA].'" Opp. 10 (quoting Compl. ¶ 214). | "[T]he allegation[] [is] conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). |
| "PP 'requires its Website users to convey their [patient] status through its platform.'" Opp. 10 (quoting Compl. ¶ 221). | As above, "convey[ing]" information through PPFA's website is not the same as "receiving health care services," from PPFA, as CMIA requires. *See* Cal. Civ. Code § 56.05(m). |

Because Plaintiff does not—and cannot—allege that she is a patient of PPFA, her CMIA claim fails.

### 3. Plaintiff fails to allege facts showing that PPFA disclosed her "medical information" to "the Third Parties."

Plaintiff acknowledges that her CMIA claim fails unless her Complaint alleges facts showing that PPFA disclosed her "medical information"—i.e., "individually identifiable information" about Plaintiff's "medical history, mental or physical condition, or treatment," *Eisenhower Med. Ctr. v. Superior Ct.*, 226 Cal. App. 4th 430, 435 (2014)—to "the Third Parties." *See* Opp. 10-13. Despite claiming her Complaint satisfies that requirement, Plaintiff copies-and-pastes (at length) two sets of allegations, neither of which is sufficient: (1) allegations about the types of information that a hypothetical website user *could* convey to PPFA through its website, *see* Opp. 11-12 (citing Compl. ¶¶ 20, 21, 221); and (2) allegations describing the types of *actions* that Plaintiff performed on PPFA's website (not the types of information that she conveyed), *see* Opp. 11-12 (citing Compl. ¶¶ 136, 138, 140). These allegations dance around, but do not speak to the operative questions here: namely, what information Plaintiff supposedly provided PPFA, and what of that information PPFA supposedly passed on to "the Third Parties."

If Plaintiff truly believed that she shared individually identifiable information about her medical history, condition, or treatment with PPFA, and that PPFA then passed that same information along to "the Third Parties," it should be easy enough for her to say so directly. *See* Fed. R. Civ. P. 8 (requiring a "short and plain statement … showing that the pleader is entitled to relief"). She does not because she cannot. Ultimately, then, the Opposition's argument on this point is nothing but another example of the same sleight of hand that Plaintiff employed in the Complaint. That is as clear a sign as any that her CMIA claim must be dismissed.

### B. Plaintiff Fails To State A Claim Under Cal. Penal Code § 631.

Plaintiff does not dispute that she fails to state a claim for *direct* liability under Section 631. *See* Opp. 2. Instead, she seeks to proceed only on a theory of *indirect* liability—i.e., that PPFA aided and abetted "the Third Parties'" violations. *Id.* That theory fails for multiple reasons.

#### 1. Plaintiff fails to state a Section 631 claim because she fails to plead facts showing that "the Third Parties" acted independently of PPFA.

Plaintiff agrees that to state a claim under Section 631, her Complaint must plead facts showing that "the [T]hird [P]arties independently use[d]" the data they allegedly recorded. Opp. 3. As shown in PPFA's Motion (at 10-11), however, the Complaint alleges exactly the opposite. Specifically, Plaintiff argues that the analytics software supplied by "the Third Parties" operates for use by website owners like PPFA, by "***allow[ing] website owners*** to track site visitors' actions … in order to target such visitors with personalized advertisements," "***help[ing] website operators*** … understand and measure their products and services," and "***enabl[ing] website owners*** to track various metrics, such as page views, unique visitors, bounce rates and conversion rates." Compl. ¶¶ 66, 82, 106 (emphasis added).

Plaintiffs' Opposition entirely ignores that discussion and those allegations, and instead points to three allegations that, according to Plaintiff, show "how the Third Parties independently use the intercepted communications for their own benefit." Opp. 3-4. Specifically, those allegations claim that "the Third Parties":

- "'collect, use and store the communications for their own benefit, including to improve their own personalized content delivery, advertising network machine-learning

algorithms and ability to identify and target users,'" Opp. 3 (quoting Compl. ¶ 5);

- "use the disclosed communications 'for advertising, analytics and other purposes.'" Opp. 4 (quoting Compl. ¶¶ 58, 80, 98, 104); and
- "'collected data to improve their own products, services and algorithms … [and] to bolster profits.'" Opp. 4 (quoting Compl. ¶ 149).

But those threadbare allegations are indistinguishable from those that courts have already held to be "too vague and conclusory" to survive a motion to dismiss, and are thus insufficient to allow Plaintiff's claim to proceed. *Cody v. Boscov's Inc.*, 2023 WL 2338302, at *2 (C.D. Cal. 2023) (dismissing Section 631 claim based on allegation that third parties "use the code … to 'harvest valuable data from such customer communications for the benefit of their clients"); *see also, e.g.*, *Byars v. Hot Topic, Inc.*, 2023 WL 2026994, at *1 (C.D. Cal. 2023) ("Without alleging a single specific fact in support of the contention that the third party 'harvest[s] data for financial gain,' the allegation is a mere conclusion disregarded under *Twombly* and *Iqbal*."); *Valenzuela v. Kroger, Co.*, 2023 WL 4418887, at *3 (C.D. Cal. 2023) ("[A]lthough Valenzuela asserts that Kroger shares these communications with the third-party providers 'for both storage and data harvesting purposes' … these allegations do not give rise to a plausible claim."). Accordingly, these provide no basis for withstanding a motion to dismiss—especially in light of the Complaint's more specific allegations that "the Third Parties'" technology is for the benefit of website operators.

For this reason alone, Plaintiff's Section 631 claim must be dismissed.

**2. Plaintiff fails to plead facts showing that the "contents" of any communication were at issue.**

Plaintiff agrees that under Section 631 "Plaintiff [must] allege the 'content' of her communications was intercepted." Opp. 4. And she claims that she satisfies that requirement by "unequivocally alleg[ing] the type of 'content' information communicated on the Website, as well as the 'content' information the Third Parties intercepted and how such information was intercepted." Opp. 5. But that odd locution—which makes no mention of Plaintiff herself—only highlights the problem that PPFA's Motion already pointed out (at 11-12) with Complaint's allegations: They speak only in the abstract about other hypothetical website users, and say nothing

about *what information of Plaintiff's* was supposedly intercepted. Plaintiff's argument on this score suffers from the same problems as her argument about "medical information" with respect to her CMIA claim. S*ee supra* § I.A.3. Here, as there, most of the allegations that Plaintiff points to concern information that a hypothetical website user *could* convey to PPFA through its website—not information that Plaintiff herself claims to have transmitted. *See* Opp. 5-6 (citing Compl. ¶¶ 1, 4, 19-21, 111-22, 142-43, 183, 188, 191). Plaintiff herself seems to recognize this, as she calls out for special attention the few allegations in which she does discuss "her own specific … information." Opp. 5 (citing Compl. ¶¶ 138, 140). But those allegations do nothing to help her because they discuss only either *actions* Plaintiff performed, such as "using the search bar on the Website," Opp. 5 (quoting Compl. ¶ 138), or information that PPFA has already showed (at Mot. 1-4) ***cannot be conveyed*** on PPFA's website, such as "prescriptions she … is provided," Opp. 5 (quoting Compl. ¶ 140).

Just as with the CMIA "medical information" issue, *see supra* § I.A.3, if Plaintiff really believed that she transmitted information to PPFA that qualifies as the "contents" of a communication, and which was intercepted by "the Third Parties," she could have said so clearly and concisely. She did not. Because Plaintiff is unable or unwilling to allege the facts required to maintain her Section 631 claim, it must be dismissed.

### 3. Plaintiff fails to plead facts showing that anyone intercepted a communication "in transit."

PPFA's Motion (at 12-13) showed that Plaintiff's Complaint affirmatively refutes any suggestion that Plaintiffs' communications were intercepted "in transit" (and hence that there was any violation of Section 631), by alleging that any recording occurs ***before*** the data is transmitted, not while it is in transit between Plaintiff's computer and the server hosting PPFA's website. *See* Compl. ¶ 70 (alleging that the code at issue here runs locally on Plaintiff's "browser" when it "load[s] and read[s] websites," not while any data is being transmitted).

Plaintiff's Opposition does not engage with that argument at all. Instead, it points to three conclusory statements that the alleged interception occurred "'simultaneously'" or "'real-time.'"

Opp. 6 (quoting Compl. ¶¶ 113, 142, 188). Those allegations are indistinguishable from those that courts have already held to be too conclusory to survive a motion to dismiss. *See In re Vizio, Inc. Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017) (dismissing Section 631(a) claim because allegations that defendant "intercepted their communications … 'during transmission'" were too conclusory); *see also Valenzuela v. Keurig Green Mountain, Inc.*, 2023 WL 3707181, at *5 (N.D. Cal. 2023) (similar).

Plaintiff's Section 631 claim fails for this separate reason, too.

### C. Plaintiff Fails To State A Claim Under Cal. Penal Code § 632.

PPFA's Motion to Dismiss explained that Plaintiff's Section 632 claim fails because her Complaint fails to allege facts showing that (1) PPFA recorded a "confidential communication" (2) using a "recording device"—both of which are necessary elements of the cause of action. *See* Mot. at 13-15. Plaintiffs' Opposition responds exclusively by discussing ***an entirely different statute***, Cal. Penal Code § 632.7, which has no application here. This is no mere typo. Plaintiffs' Complaint block quotes Section 632, and attempts (albeit in conclusory fashion) to speak to its elements. Plaintiffs' Opposition, meanwhile, quotes caselaw and makes arguments about the (very different) substance of Section 632.7—even responding to arguments about Section 632.7 (such as how the "Court should construe the term 'telephone'") that PPFA never made. Opp. 7. Because Plaintiff has entirely failed to defend her Section 632 claim, the Court should dismiss it. *See Lefkowtiz v. Scytl USA*, 2016 WL 537952, at *3 (N.D. Cal. 2016) ("Plaintiff fails to respond to [any of those] argument[s] and therefore concedes [them] through silence.").

## II. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint in its entirety.

DATED: January 29, 2023

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Jacob M. Heath*
Jacob M. Heath

Attorneys for Defendant PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.