United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVINA GIBSON, et al.,<br><br>Plaintiff,<br><br>v.<br><br>PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.,<br><br>Defendant. | Case No. 3:23-cv-04529-JD<br><br>**ORDER RE DISMISSAL** |

Plaintiff Davina Gibson is a user of a healthcare website operated by defendant Planned Parenthood Federation of America, Inc. (PPFA). Gibson says that PPFA deployed "tracking codes" on the website such as the Meta Pixel, Google Analytics, and similar technology supplied by other companies. Gibson alleges that the tracking codes captured and transmitted to third parties like Meta and Google sensitive and confidential medical and personal information. On behalf of herself and a putative class of California PPFA website users, Gibson alleges claims under the California Invasion of Privacy Act (CIPA), Cal. Penal Code §§ 631, 632, and the California Confidentiality of Medical Information Act (CMIA), Cal. Civ. Code § 56 *et seq. See* Dkt. No. 1.

PPFA asks to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 11. A substantial portion of PPFA's brief presents factual argument to the effect that its website doesn't work the way Gibson alleges. That dispute is beyond the scope of a Rule 12(b)(6) motion. The sole question for present purposes is whether the complaint plausibly alleges the claims Gibson asserts. For the most part, it does not. The CMIA and CIPA Section 632 claims are dismissed with leave to amend. Dismissal is denied with respect to the Section 631 claim.

The reason for dismissal of the CMIA claim is straightforward. The complaint describes in detail the type of information a user might provide to PPFA through the website. It also describes in detail how the "tracking codes" are said to work. What's missing are plausible allegations that Gibson actually provided any confidential medical information covered by the CMIA that was disclosed without authorization to third parties via the tracking codes. The complaint is unduly vague about the nature and content of Gibson's website communications with PPFA. It alleges only generalizations about Gibson scheduling appointments, researching the "Women's Services" available at PPFA, and the like. *See, e.g.,* Dkt. No. 1 ¶¶ 136-40. Without more, this is not enough to plausibly allege that her medical information was disclosed without consent under the CMIA. *See* Cal. Civ. Code § 56.05(j) ("medical information" is "any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care, health care service plan . . . regarding a patient's medical history, medical health application, mental or physical condition, or treatment."). Medical information "must include more than individually identifiable information but must also include information relating to medical history, mental or physical condition, or treatment of the individual." *Eisenhower Med. Ctr. v. Superior Ct.*, 226 Cal. App. 4th 430, 437 (2014); *see also A. Doe v. Sutherland Healthcare Sols., Inc.*, No. B297712, 2021 WL 5765978, at *8 (Cal. Ct. App. Dec. 6, 2021) (unpublished). The fact that "a person may have been a patient at the hospital at some time" does not qualify as health information. *Eisenhower Med.* at 435.

The CIPA Section 632 claim is dismissed mainly because Gibson did not oppose PPFA's request for that. PPFA argued that the complaint did not plausibly allege that Gibson's communications with PPFA were confidential, or that they were captured by a "device" as contemplated by Section 632. Cal. Penal Code § 632; Dkt. No. 11 at 14-15. Gibson did not contest these points, or otherwise respond to PPFA's contention. She mentioned CIPA Section 632.7, which concerns the interception of telephone communications, and the complaint alleges she accessed the PPFA website primarily on her cell phone. Dkt. No. 1 ¶ 139. But the complaint did not allege a claim under Section 632.7, and the proposed class is not defined to be limited to cellphones. *Id.* ¶ 163. It also bears mention that the complaint is again too vague and general

about Gibson's website communications to plausibly allege that she shared anything typically understood to be confidential.

The CIPA Section 631 may go forward as presently alleged.  Section 631 prohibits any person from using electronic means to "learn the contents or meaning" of any "communication" "without consent" or in an "unauthorized manner."  Cal. Pen. Code § 631(a); *see also In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020).  The parties agree that PPFA, as a participant in the communications, may be liable only on an aiding-and-abetting theory for third-party access and use of disclosed data.  Dkt. No. 11 at 10, Dkt. No. 28 at 3; *see Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) ("[S]ection 631 . . . has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation.").

The complaint plausibly alleges that third parties acquired the contents of Gibson's communications for more than PPFA's own access or use.  *See, e.g.,* Dkt. No. 1 ¶ 73 (Meta "assimilates [intercepted communications and information] into datasets like Core Audiences and Custom Audiences.").  Unlike the CMIA or CIPA Section 632, Section 631 does not require the communication to include medical or confidential information.  The fact of unauthorized access alone is enough to state a claim.  *See* Cal. Pen. Code § 631(a); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082 (C.D. Cal. 2021) (reading Section 631 to protect "the internal, user-generated material of a message," regardless of confidentiality); *see also In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014) (defining "contents," in the context of the Wiretap Act, to refer to "the intended message conveyed by the communication").

Gibson may file an amended complaint consistent with the order by July 22, 2024.  A failure to meet this deadline will result in dismissal of the CMIA and CIPA Section 632 claims under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  July 2, 2024

JAMES DONATO
United States District Judge