Klint L. Bruno (admitted pro hac vice)
Michael L. Silverman (admitted pro hac vice)
Jamie A. Robinson (admitted pro hac vice)
Adam J. Feuer (admitted pro hac vice)
**THE BRUNO FIRM, LLC**
205 North Michigan Avenue, Suite 810
Chicago, Illinois 60601
Telephone: (312) 321-6481
kb@brunolawus.com
msilverman@brunolawus.com
jr@brunolawus.com
af@brunolawus.com

Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
**BENBROOK LAW GROUP, PC**
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

*Attorney for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SHIRLEY HINTON and HEATHER SHIPLEY, on behalf of themselves and all others similarly situated,

*Plaintiffs*,

v.

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.,

*Defendant*.

Case No.: 3:23-cv-04529-JD

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF IAN COHEN**

Date: June 11, 2026
Time: 10:00 AM
Location: Courtroom 11, 19th Floor
Judge: Honorable James Donato

## INTRODUCTION

Plaintiffs move to exclude specific statements and opinions of PPFA's expert Ian Cohen related to entropy theory contained in nine of Mr. Cohen's 149-paragraph report, recognizing Mr. Cohen's experience allows him to render opinions on a variety of other topics. The nine paragraphs in Mr. Cohen's report are not supported by Mr. Cohen's credentials, experience, publications, prior testimony or source materials. In response, PPFA virtually ignores Plaintiffs' argument: PPFA fails to identify what education or experience allows Mr. Cohen to render his opinions; fails to identify what sources support Mr. Cohen's opinions; fails to address Mr. Cohen's testimony which undermines his opinions; and fails to distinguish *any* of Plaintiffs' cases or deny their applicability to the facts of this case.

In a clear effort to divert the Court's attention, PPFA attacks Plaintiffs' counsel's filing as "frivolous" and spends one and a half pages of its four-page response rehashing its motion to exclude Dr. Zubair Shafiq. ECF No. 140 at 3-4. PPFA's four-page response says virtually nothing in response to Plaintiffs' arguments because there is nothing to say. PPFA cannot articulate how Mr. Cohen has the relevant credentials or experience to opine on entropy theory or its applicability to this case. *Id.* at 2-3. PPFA claims that "[t]here can be no serious dispute as to the admissibility of Mr. Cohen's conclusion- i.e., that 'entropy alone does not create identifiability,'" yet cannot point to anything in Mr. Cohen's report, experience or source material to support this statement. *Id.* at 4. Similarly, Mr. Cohen's conclusion "that additional 'evidence' beyond mere entropy is required to show that some activity on the internet was actually 'linked to' a particular 'individual,'" is nothing but counsel's self-serving argument and isn't supported by anything, including what "additional evidence" would be needed. *Id.*

Instead, PPFA offers sweeping generalizations about how expert qualifications should be broadly construed, suggests that rebuttal experts are not held to the same standards when they are simply criticizing another expert and insists that Plaintiffs criticisms go to the weight and not admissibility of Mr. Cohen's opinions. ECF No. 140 at 2-4. PPFA is incorrect. Once challenged, it is PPFA's burden to show that Mr. Cohen is qualified and his opinions are reliable. *See* Fed. R. Evid. 702(a)-(d); *see also*, Fed. R. Evid. 702 advisory committee's note to 2023 amendment. PPFA has not met its burden. PPFA is wholly dismissive of Plaintiffs' arguments and cites nothing of import in Mr. Cohen's report, testimony or experience to support Mr. Cohen's broad, uncited statements. Accordingly, Plaintiffs' motion should be granted and paragraphs 10, 139-146 of Mr. Cohen's report should be stricken.

## LEGAL STANDARD

Under the 2023 amendments to Federal Rule of Evidence 702, the proponent of expert testimony must establish by a preponderance of the evidence that the witness is qualified, that the testimony is based on sufficient facts or data, that it is the product of reliable principles and methods, and that the opinion reflects a reliable application of those principles and methods to the facts of the case. Fed. R. Evid. 702(a)-(d); Fed. R. Evid. 702 advisory committee's note to 2023 amendment; *Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 589-93 (1993); *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1049-50 (9th Cir. 2025).

## ARGUMENT

### I. Mr. Cohen is Not Qualified to Offer Expert Opinions on Entropy, Information Theory or the Mathematical Basis of Identifiability Thresholds.

PPFA attempts to argue that Mr. Cohen's experience in website privacy compliance, advertising technology, website auditing and product leadership bears a close enough relationship to allow Mr. Cohen to criticize Mr. Shafiq's opinions on entropy theory, but a court may not admit an opinion merely because the expert has relevant industry experience in some adjacent area. The witness must be qualified to offer the specific opinion at issue, and the opinion must rest on sufficient factual grounds and a reliable methodology. *U.S. v. 99.66 Acres of Land*, 970 F.2d 651, 657; (9th Cir. 1992); *Engilis*, 151 F.4th at 1054-55. Where a witness relies on experience rather than formal scientific testing, he still must explain how that experience leads to the conclusion reached, why it supplies a sufficient basis for the opinion, and how it has been reliably applied to the facts. FED. R. EVID. 702 advisory committee's note to 2000 amendment; *United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir. 2020).

Here, Mr. Cohen's experience does not translate into an expertise in entropy theory. A third party's interception of website data and knowledge of how to protect that data is a very different issue from how a third party can mathematically use data gleaned from website users (or from elsewhere) and convert that data into the identification of a particular person. There is nothing in Mr. Cohen's credentials, publications, prior work experience, prior expert testimony, research, or otherwise to show his experience with either the theory itself or its applicability to any set of circumstances. His CV is devoid of any such experience. He has never been accepted as an expert in any field in any court and has only provided deposition testimony in

one case. ECF No. 133-2, Cohen CV, 6-7. He has never researched or published anything on entropy theory and couldn't explain how the sources he used in his report support any of his opinions on entropy theory. *Id.*; ECF No. 133-3, Cohen Tr. 199:7-200:16. He cited to a chapter of one purported source of his entropy opinions without knowing what the title of the chapter meant. ECF No. 133-3 at 205:6-18. Significantly, PPFA doesn't even attempt to point to anything in the record to support Mr. Cohen's bald assertions about entropy theory – because there is nothing.

In determining whether an expert is qualified to testify, courts in the Ninth Circuit also consider whether the expert is testifying about matters growing naturally and directly out of independent research or whether they have developed their opinions for purposes of litigation. *See Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1317 (9th Cir. 1995). Here, clearly Mr. Cohen has developed his entropy opinions for this litigation. There is nothing in his credentials or experience to suggest otherwise. Accordingly, this Court should scrutinize Mr. Cohen's opinions in this field of study with more rigor, not less.

While it is true that the threshold for expert qualifications in the Ninth Circuit is low, here the record is devoid of any evidence suggesting that Mr. Cohen is qualified in the area of entropy theory – period. Being a rebuttal witness does not alleviate PPFA's burden to show that Mr. Cohen is qualified to testify on the subject matter, even if he is merely criticizing Dr. Shafiq. PPFA's cited case does not support its position that being a rebuttal witness somehow alleviates PPFA's burden to show that Mr. Cohen is qualified. In *Laatz v. Zazzle, Inc.*, No. 5:22-cv-04844-BLF, 2025 WL 3205586, *13 (N.D. Cal. Nov. 17, 2025), the rebuttal expert, a computer scientist, was qualified to testify about the "differences between data and software and how the Design Tool interacts with underlying files to render text," which the court held were

"well within his expertise as a computer scientist with experience in reviewing and analyzing source code." Here, there are no experiences or credentials that PPFA can cite to which support Mr. Cohen's sweeping and unsupported statements about entropy theory. Significantly, Mr. Cohen does not merely criticize Dr. Shafiq, he opines on what entropy theory means, whether a 32-bit threshold has practical significance, and whether Dr. Shafiq's use of entropy is technically sound. ECF No. 133-1, at ¶¶ 10, 139-143. These opinions go far afield of Mr. Cohen's experience.

Rule 702 does not permit a witness to leverage general experience in one area into technical opinions in another. *Diviero v. Uniroyal Goodrich Tire Co*., 919 F. Supp. 1353, 1356-57 (D. Ariz. 1996). Because Cohen has not shown the specialized knowledge necessary to criticize Dr. Shafiq's entropy analysis, paragraph 10 and paragraphs 139 through 146 of Mr. Cohen's report should be excluded on qualification grounds alone. Fed. R. Evid. 702(a); *Valencia-Lopez*, 971 F.3d at 898; *Diviero*, 919 F.Supp. at 1356-57.

**II. Cohen's Entropy Opinions Are Not Reliable.**

PPFA argues that Mr. Cohen need not offer an independent analysis in order to critique Dr. Shafiq. While true, in the Ninth Circuit, where an expert's affirmative or rebuttal testimony is based on knowledge or experience, the court analyzes: 1) Whether the expert's experience supports their conclusion; 2) whether the reasoning is circular, speculative or otherwise flawed; or 3) whether the expert's reasoning is adequately explained. *Macaraeg v. Dignity Health*, No. CV-23-00990-PHX-MTL, 2025 WL 1564278, *5 (D. Ariz. June 3, 2025).

These factors make clear that Mr. Cohen's opinions should be stricken. As demonstrated above, Mr. Cohen's experience does not support his conclusions. His conclusions are speculative and he fails to adequately explain his reasoning or tie his

reasoning to his experience. He fails to cite any sources for his broad assertions in paragraphs 139-146, or how his experience demonstrates why he holds those opinions.

Again, the case cited by PPFA does not support its position. In *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, 978 F. Supp. 2d 1053, 1069 (C.D. Cal. 2013) a forensic pathologist's rebuttal opinion regarding the cause of plaintiffs' death was not impermissibly speculative where he pointed out flaws with the other parties' expert report but relied on the plaintiffs' extensive medical records and collision report to do so. This case does not stand for the broad proposition that a rebuttal expert can criticize another expert's report without relying on anything at all.  Here, Mr. Cohen relies on nothing to support his opinions except his say so. The trial court's gatekeeping function requires more than simply 'taking the expert's word for it." *Daubert* 509 U.S. at 592 at 1262 (quoting Fed. R. Evid. 702 advisory committee note (2000)) (internal quotations omitted)).

**III. Cohen's Broad Statements Are Unsupported.**

In their motion to exclude, Plaintiffs identify several assertions made by Mr. Cohen that are wholly unsupported. Mr. Cohen cites to materials that fail to support his assertions, or even contradict them, or he cites to no materials at all. ECF No. 133 at 5-7. PPFA ignores these failures and makes no attempt in its response to rehabilitate Mr. Cohen's testimony from these obvious shortcomings.

Instead, PPFA suggests that Mr. Cohen can offer a critique of any of Dr. Shafiq's opinions whether supported or not. ECF No. 140 at 3-4. While a rebuttal expert need not conduct an independent analysis, the expert must still have support for their assertions. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 807 (9th Cir. 1988) (upholding exclusion of expert testimony that rested on unsupported

assumptions, ignored crucial distinctions, and had scant basis in the record); *Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998) (striking opinion based on undocumented information as the antithesis of reliable expert testimony).

The cases cited by PPFA do not support its position. In, *Macaraeg v. Dignity Health*, the court held that the expert's review of over 2,000 pages of medical records was sufficient to support her rebuttal opinions. No. CV-23-00990-PHX-MTL, 2025 WL 1564278, *3-4 (D. Ariz. June 3, 2025). Similarly, in *Coquina Investments v. Rothstein*, No. 10-60786-Civ., 2011 WL 4949191, *3 (S.D. Fla. Oct. 18, 2011) a rebuttal expert was able to testify that another expert's report was flawed because it did not consider certain evidence. Here, Mr. Cohen criticizes Dr. Shafiq for applying the entropy theory to this case, which he asserts "would require extensive evidence and correlated data points that do not exist [here],…" ECF No. 133-1 at ¶10. He utterly fails to identify *any* such additional evidence or data points that Dr. Shafiq purportedly failed to consider. *Coquina Investments* does not stand for the broad proposition that a rebuttal criticism need not have any basis whatsoever.

*Zucchela v. Olympusat, Inc.*, CV 19-7335 DSF (PLAx), 2023 WL 2628107, *3 (C.D. Cal. Jan. 10, 2023) is wholly inapplicable. In that case, plaintiffs moved to exclude defendant's expert psychologist in part on the basis that the psychologist failed to cite outside sources. *Id.* However, the defendant countered with several authoritative outside sources that *were* cited by the psychologist. *Id.* In allowing the psychologist to testify, the court noted that the plaintiffs were not challenging the psychologist's qualifications. *Id.* Here, PPFA has failed to point out the "authoritative sources" cited by Mr. Cohen and Plaintiffs are challenging Mr. Cohen's qualifications.

Even if Mr. Cohen's opinion could be distilled to the simple premise that Dr. Shafiq's application of the entropy theory is incorrect, Mr. Cohen would have to

adequately explain why it is incorrect and what about his experience led him to this conclusion. Mr. Cohen did neither. Mr. Cohen's failures are not a matter for cross examination. It is not just that Plaintiffs disagree with the correctness of Mr. Cohen's assertions. He is not qualified to make the assertions and has no support for them. Where the cited materials do not support the stated conclusion and the expert supplies no explanation based on experience to fill the gap, exclusion is warranted. *Engilis*, 151 F.4th at 1054-55.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court exclude Cohen's opinions criticizing Dr. Shafiq's 32-bit entropy analysis, including paragraph 10 and paragraphs 139 through 146 of Cohen's report, and preclude Cohen from offering any testimony that Dr. Shafiq's entropy-based identifiability analysis is technically unsound, unrealistic, or unsupported by the relevant literature.

Dated: April 20, 2026

Respectfully submitted,

By: *__/s/ Jamie A. Robinson__*

Klint L. Bruno (admitted pro hac vice)
Michael L. Silverman (admitted pro hac vice)
Jamie A. Robinson (admitted pro hac vice)
Adam J. Feuer (admitted pro hac vice)
**THE BRUNO LAW FIRM, LLC**

By: *__/s/ Bradley A. Benbrook__*

Bradley A. Benbrook
Stephen M. Duvernay
**BENBROOK LAW GROUP, PC**

*Attorneys for Plaintiffs and the Proposed Class*